JAMES D. THOMSON *vs.* ELLEN D. O'SULLIVAN.

An assignee in insolvency cannot maintain an action against the wife of the insolvent debtor, to recover money, or the value of land, transferred directly to her by her husband, with a view to prevent the same from coming into the hands of the assignee.

A demurrer is the proper mode of taking advantage of a defective declaration, which sets out no valid cause of action.

TORT, brought by the assignee in insolvency of James D. O'Sullivan, against the wife of the debtor.

The first count in the declaration set forth a payment by said debtor to the defendant of $730, in discharge of a claim held by her against him, which payment was made in contemplation of insolvency, with a view to give her a preference over other creditors.

The second count set forth a conveyance by the debtor to her of a parcel of land, with a view to prevent the same from coming into the hands of his assignee.

The defendant filed a general demurrer, which was sustained in the superior court, and judgment ordered thereon for the defendant. The plaintiff appealed to this court.

*J. D. Thomson, pro se.* The defendant could only take advantage of her coverture by plea in abatement. *Hayden* v. *Attleborough,* 7 Gray, 338. She holds the property in question as her sole and separate property, and may be sued therefor alone. Gen. Sts. *c.* 108, §§ 5, 8. The declaration sufficiently alleges, in

---

* A similar decision was made in the case of FRANK H. FREEMAN *vs.* HANNAH E. FOWLER, in Berkshire, in September 1863.

the second count, a valid conveyance. The manner of making the conveyance need not be averred. Gould Pl. *c.* 4, § 44. Proof of a conveyance to the wife through a trustee, or to a third person for the purpose of vesting the title in her, would support the count. The value of real estate conveyed in fraud of the statute may be recovered in this form of action. Gen. Sts. *c.* 118, § 91.

*R. M. Morse, Jr.*, for the defendant.

BIGELOW, C. J. The declaration sets out no valid cause of action.

The plaintiff cannot recover on the count which alleges a payment of money by the insolvent to the defendant, because she acquired no right or title to the money by a gift or transfer of it from her husband. It still remained his property, and her possession of it was in legal contemplation the possession of her husband.

Nor can the plaintiff recover on his second count for the value of the land alleged to have been conveyed to the defendant by her husband. His deed to her conveyed no title, and the land still remained vested in the husband. There is no averment in the declaration that the land was first conveyed to a third person, and by him transferred to the wife. The allegation is of a direct conveyance from the husband to the wife. Taking the averments in the declaration to be true, the title to the land did not pass to the wife, but remained in the insolvent, and passed to the plaintiff as assignee in insolvency. *Lord* v. *Parker*, 3 Allen, 129.

A demurrer is the proper form of taking advantage of the insufficiency of a declaration, in a case where it does not state a valid cause of action. Such is the peculiar and proper office of a demurrer to a declaration. 1 Chit. Pl. (6th Amer. ed.) 700.

*Demurrer sustained.*